IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELJAREAU NICHOLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-1234-CFC-EGT |
| | ) | |
| CORPORAL LEONARD MOSES, and CORPORAL JHALIL AKIL, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND REPORT AND RECOMMENDATION**

*Pro se* Plaintiff Eljareau Nichols filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1). Presently before the Court is the motion of Defendants Leonard Moses and Jhalil Akil ("Defendants") to dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) (D.I. 37), as well as Defendants' motion to strike Plaintiff's sur-reply (D.I. 46). For the reasons set forth below, the Court recommends that Defendants' motion to dismiss be GRANTED and further orders that Defendants' motion to strike be GRANTED.

## I. BACKGROUND

Defendants are Wilmington Police Officers. (D.I. 33 ¶¶ 7-8). On April 20, 2018, Defendants approached Plaintiff and two other individuals outside of 902 Vandever Avenue. (*Id.* ¶¶ 9-11). Plaintiff alleges that he was there with permission (*id.* ¶ 10), but according to testimony from a later suppression hearing, Defendants approached Plaintiff and the other individuals because the resident of 902 Vandever Avenue had previously complained to Defendant Akil about individuals loitering outside of her home (*id.* ¶¶ 12 & 13; D.I. 33-1 at 9 & 43).[1] Defendants also

[1] The full transcript from the suppression hearing is attached to the First Amended Complaint. (*See* D.I. 33, Ex. A). "[A] document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for

testified that they smelled marijuana when they approached the porch and, when Defendant Akil asked if anyone had marijuana, one of the individuals (Rashad Walker) replied that he had just finished smoking it (D.I. 33 ¶¶ 15 & 16; D.I. 33-1 at 14 & 45), but Plaintiff claims that there was no marijuana odor and no one present admitted they were smoking (D.I. 33 ¶ 16). Defendants confirmed the identities of those present and, in doing so, discovered an active arrest warrant for Plaintiff on criminal impersonation charges. (D.I. 33-1 at 14, 17-18 & 46). When Defendants attempted to arrest Plaintiff, he tried to flee. (*Id.* at 18, 19 & 47). During the ensuing struggle, Defendant Akil discovered a firearm in Plaintiff's waistband. (*Id.* at 19 & 47). Plaintiff was ultimately taken into custody (*id.* at 18, 19 & 47) and, on July 30, 2018, he was indicted by a New Castle County grand jury on charges of carrying a concealed deadly weapon, possession of a firearm by a person prohibited, possession of ammunition by a person prohibited, receiving a stolen firearm and resisting arrest (D.I. 33 ¶ 20; D.I. 38, Ex. 1).[2]

During the criminal proceedings that followed, Plaintiff claimed that the current resident of 902 Vandever Avenue – Nadinena Smith – had never complained to Defendant Akil about loitering, that Defendants did not smell marijuana on the porch and that no one told Defendants that anyone had been smoking. (D.I. 33 ¶¶ 10, 13, 15, 17 & 18). At Plaintiff's suppression hearing, Ms. Smith testified that she never spoke to an officer about loitering and had lived there for over a year. (D.I. 33 ¶ 13; D.I. 33-1 at 66-68). Also at the hearing, Rashad Walker testified that Defendant Akil did not ask about marijuana and that he never said he was smoking. (D.I. 33-1 at 63). Plaintiff claims that Defendants detained, searched and arrested Plaintiff based on the false

---

summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (cleaned up).

[2] Plaintiff explicitly references his indictment in the First Amended Complaint (D.I. 33 ¶¶ 20-22) and Defendants attach it as Exhibit 1 to their brief (D.I. 38, Ex. 1).

statements regarding loitering and marijuana and that the resulting indictment was therefore obtained only through false statements and material omissions. (*Id.* ¶¶ 19 & 21). On October 9, 2023, the criminal charges against Plaintiff were dropped. (*Id.* ¶ 26).

On October 7, 2025, Plaintiff filed this action against Defendants Akil and Moses, as well as the Wilmington Police Department, City of Wilmington, J.S. Taylor, Delaware Department of Justice and its Officials and the State of Delaware, asserting various causes of action under § 1983 and § 1985. (*See* D.I. 1). On June 9, 2026, Plaintiff filed a First Amended Complaint, which dropped all defendants other than Defendants Akil and Moses and which only asserts two causes of action – malicious prosecution and fabrication of evidence. (D.I. 33; *see also id.* ¶¶ 29-34 & 35-39). On June 23, 2026, Defendants filed the present motion to dismiss under Rule 12(b)(6). (D.I. 37 & 38). The motion was fully briefed on August 28, 2026. (D.I. 42 & 44). Plaintiff thereafter filed an unauthorized sur-reply (D.I. 45), which Defendants seek to strike (D.I. 46).

## II. <u>LEGAL STANDARD</u>

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010); *see also Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 232-33 (3d Cir. 2008). The Court is not, however, required to accept as true bald assertions, unsupported conclusions or unwarranted inferences. *See Mason v. Delaware (J.P. Court)*, C.A. No. 15-1191-LPS, 2018 WL 4404067, at *3 (D. Del. Sept. 17, 2018)*; see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Dismissal under Rule 12(b)(6) is only appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). This plausibility standard obligates a plaintiff to

provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Instead, the pleadings must provide sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (cleaned up).

## III. DISCUSSION

### A. Malicious Prosecution

To state a claim for malicious prosecution under the Fourth Amendment, Plaintiff must plausibly allege that (1) defendants initiated a criminal proceeding, (2) the criminal proceeding ended in plaintiff's favor, (3) the proceeding was initiated without probable cause, (4) defendants acted maliciously or for a purpose other than bringing the plaintiff to justice and (5) plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *See McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009). Defendants argue that dismissal is warranted here because Plaintiff fails to plausibly allege the third and fourth elements – namely, that the criminal proceeding was initiated without probable cause and that Defendant Moses acted maliciously. (D.I. 38 at 3). The Court addresses each in turn.

As to whether Plaintiff has plausibly alleged that his criminal proceeding was initiated without probable cause, a grand jury indictment is *prima facie* evidence of probable cause to prosecute. *Trabal v. Wells Fargo Armored Serv. Corp.*, 269 F.3d 243, 251 (3d Cir. 2001) (noting that an indictment establishes probable cause "by definition"). Indeed, in such cases, a presumption that probable cause exists will only be overcome by evidence that the indictment was "procured by fraud, perjury or other corrupt means." *Rose v. Bartle*, 871 F.2d 331, 353 (3d Cir.

1989). A claim for malicious prosecution begins with the indictment – not an arrest – because the legal process begins with the charging document. *Blenman v. Dover Police Dep't*, 214 F. Supp. 3d 261, 266 (D. Del. 2016) (citing *Gallo v. City of Phila.*, 161 F.3d 217, 222 (3d Cir. 1998)).

Because Plaintiff was indicted by a grand jury on five felony counts resulting from the complained-of arrest (D.I. 33 ¶ 20), there is *prima facie* evidence of probable cause to prosecute Plaintiff, *see Trabal*, 269 F.3d at 251. To overcome this, Plaintiff alleges that Defendants made false statements, including fabricated resident complaints and marijuana allegations, which were "material to probable cause." (D.I. 33 ¶¶ 31 & 32). But as Defendants correctly point out (D.I. 38 at 10), even if these statements were fabricated, they were not material to the charged crimes. The relevant question is whether there was probable cause to indict Plaintiff on the charges in the indictment at the time of the indictment. *Blenman*, 214 F. Supp. 3d at 266. Plaintiff was indicted on charges of carrying a concealed deadly weapon, possession of a firearm by a person prohibited, possession of ammunition by a person prohibited, receiving a stolen firearm and resisting arrest. (D.I. 38, Ex. 1). Plaintiff was not charged with loitering or drug possession. Defendants' statements about resident complaints and marijuana allegations have nothing to do with the offenses actually charged. Thus, any false statements were immaterial to the finding of probable cause. *Carney v. Pennsauken Twp. Police Dep't*, No. CIV. 11-7366, 2014 WL 1094532, at *7 (D.N.J. Mar. 18, 2014), *aff'd*, 598 F. App'x 80 (3d Cir. 2015) ("[W]hen a plaintiff challenges probable cause based on an alleged false statement by a law enforcement officer, such false statements must be material to the finding of probable cause."). Plaintiff has failed to plausibly allege that his criminal proceeding was initiated without probable cause. Plaintiff's claim of malicious prosecution against both Defendants should therefore be dismissed.

Defendant Moses also argues that dismissal is further warranted as to him because all of the alleged false statements were made by Defendant Akil. (D.I. 38 at 16). The Court agrees. Plaintiff only attributes false statements to Defendant Akil. (D.I. 33 ¶¶ 12-21). Plaintiff does not allege that Defendant Moses made any false statements at all – let alone in supporting a finding of probable cause.[3] Because Plaintiff has failed to plausibly show that Defendant Moses acted with the requisite malice to be liable under a claim of malicious prosecution, this is a separate basis to dismiss the claim as to Defendant Moses.

### B. Fabrication of Evidence

Plaintiff also asserts a fabrication of evidence claim under the Fourteenth Amendment. (*See* D.I. 33 ¶¶ 35-39; *see also id.* ¶ 1). The Court understands Plaintiff's claim to be a procedural due process claim. *See Deforte v. Borough of Worthington*, 364 F. Supp. 3d 458, 480 (W.D. Pa. 2019) (noting that, in the Third Circuit, fabrication of evidence claims arise "under the procedural due process component of the Fourteenth Amendment"), *aff'd*, 844 F. App'x 511 (3d Cir. 2021). Defendants argue that the claim is time-barred and that any due procedural process claim is inadequately pled. (D.I. 38 at 3).[4] The Court addresses each argument in turn.

---

[3] To the extent that Defendant Moses made purported false statements regarding the resident complaints and marijuana allegations, that was in his testimony during the suppression hearing – too late to be the basis for a finding of probable cause. (D.I. 33-1 at 43 & 45).

[4] Defendants also argue that any substantive due process claim is barred by the more-specific provision rule. Under the "more specific provision" rule, "if a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *DeLade v. Cargan*, 972 F.3d 207, 210 (3d Cir. 2020) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)). Applying this principle here, Defendants argue that, because the fabrication of evidence claim implicates Plaintiff's arrest and detention, the Court must evaluate it under the Fourth Amendment – not substantive due process under the Fourteenth Amendment. (D.I. 38 at 20). But the Court understands Plaintiff's claim to be one of procedure – not substance. In any event, the Third Circuit has recognized fabrication of evidence as a standalone claim under the Fourteenth Amendment. *See Halsey v. Pfeiffer*, 750 F.3d 273, 290, 292-94 (3d Cir. 2014); *see also Black v. Montgomery*

Claims brought under § 1983 are subject to the statute of limitations for personal injury actions in the state in which the cause of action accrued. *See O'Connor v. City of Newark*, 440 F.3d 125, 126 (3d Cir. 2006). In Delaware, the statute of limitations for personal injury claims is two years from when the cause of action accrues. 10 *Del. C.* § 8119; *see also Smith v. Delaware*, 236 F. Supp. 3d 882, 888 (D. Del. 2017) (claims under § 1983 accrue when plaintiff knew or should have known of the actionable injury). For fabrication of evidence claims, the two-year statute of limitations begins to run when the criminal proceedings terminate favorably for the accused. *Torain v. City of Philadelphia*, No. CV 14-1643, 2023 WL 174951, at *5 (E.D. Pa. Jan. 12, 2023) (citing *Coello v. Dileo*, 43 F.4th 346, 353 (3d Cir. 2022)); *see also McDonough v. Smith*, 588 U.S. 109, 114 (2019) (statute of limitations for a fabricated-evidence claim does not begin to run until the criminal proceedings have terminated in plaintiff's favor). Plaintiff's criminal proceedings were terminated by *nolle prosequi* on October 9, 2023, and Plaintiff filed this case on October 7, 2025. (D.I. 1). Assuming that *nolle prosequi* is termination in Plaintiff's favor, this case was filed within the two-year statute of limitations period. *See Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002) (grant of *nolle prosequi* may be sufficient to satisfy the requirement of favorable termination). Plaintiff's fabrication of evidence claim is not time-barred.

Defendants next argue that any fabrication of evidence claim pursued as a procedural due process claim is inadequately pled. (D.I. 38 at 15-16). To state a standalone fabrication of evidence claim, a plaintiff must plausibly allege that there was "a reasonable likelihood that, absent that fabricated evidence, the defendant would not have been criminally charged." *Halsey*, 750

---

*Cnty.*, 835 F.3d 358, 369 (3d Cir. 2016) (extending *Halsey* to acquitted criminal defendants); *see also Grubbs v. Miller*, No. 17-555, 2018 WL 446520, at *1, 5 (M.D. Pa. Jan. 16, 2018) (denying motion to dismiss Fourteenth Amendment fabrication of evidence claim where plaintiff's criminal proceeding was terminated by *nolle prosequi*).

F.3d at 294. "A plaintiff must demonstrate a 'meaningful connection' between the injury and the use of the fabricated evidence." *Boseman v. Upper Providence Twp.*, 680 F. App'x 65, 69 (3d Cir. 2017) (citing *Black*, 835 F.3d at 372). "[T]estimony that is incorrect or simply disputed should not be treated as fabricated merely because it turns out to have been wrong." *Halsey*, 750 F.3d at 295. The Third Circuit has cautioned that there is a "notable bar" to finding evidence fabricated. *Black*, 835 F.3d at 379. Because a plaintiff must offer "persuasive evidence" that the proponents knew the evidence was wrong or was offered in bad faith, the Third Circuit has instructed courts to "look for allegations describing such evidence in a pleading designed to survive a motion to dismiss." *Boseman*, 680 F. App'x at 69; *see also Mervilus v. Union Cnty.*, 73 F.4th 185, 194 (3d Cir. 2023) (clarifying scope of "bad faith" needed to support fabrication of evidence).

Here, Plaintiff alleges that Defendants provided false statements regarding loitering and marijuana use to approach Plaintiff and that those statements "influenced" Plaintiff's arrest and prosecution. (D.I. 33 ¶¶ 36-38). At the suppression hearing, Defendants maintained otherwise. (D.I. 33-1 at 9, 14, 43 & 45). At no point does Plaintiff plausibly allege that Defendants knew that their statements were wrong or that those statements were offered in bad faith. Indeed, all Plaintiff alleges is the type of "he said, she said" fabrication of evidence claim that the Third Circuit has found inadequate under the Fourteenth Amendment. *See Boseman*, 680 F. App'x at 69-70. Therefore, the Court recommends that Plaintiff's fabrication of evidence claim be dismissed.

**C. Leave to Amend**

The Court has now recommended dismissal of all claims in the First Amended Complaint. Although a close call, the Court cannot conclude at this juncture that further amendment would be futile. Therefore, the Court recommends that Plaintiff be given one final opportunity to amend. Any amended pleading filed by Plaintiff must be a comprehensive pleading that stands by itself

and attaches all relevant exhibits without reference to previously filed (and dismissed) pleadings and which sets forth the claims in short, concise statements with adequate factual support.

**D. Motion to Strike Sur-Reply**

Plaintiff filed a sur-reply without leave (D.I. 45), and Defendants then filed a motion to strike the sur-reply (D.I. 46; *see also* D.I. 47 (Plaintiff's opposition)). Plaintiff's sur-reply was improper. *See* D. DEL. LR 7.1.2(b). Plaintiff has offered no adequate justification for filing a sur-reply without permission and, as such, Defendant's motion will be granted. Even if the Court did consider the sur-reply, however, the results would be the same. *See Brown v. Mace-Liebson*, 779 F. App'x 136, 142 n.3 (3d Cir. 2019). Dismissal is required.

**IV. <u>CONCLUSION</u>**

For the foregoing reasons, the Court recommends that Defendants' motion to dismiss (D.I. 37) be GRANTED. Defendant's motion to strike (D.I. 46) Plaintiff's sur-reply is GRANTED. The Court recommends that Plaintiff be given thirty (30) days from the date this Report and Recommendation is adopted to file a further amended pleading.

The parties may file objections to this Order and Report and Recommendation within fourteen (14) days after being served with a copy of the Order and Report and Recommendation. *See* FED. R. CIV. P. 72(a) & (b)(2); *see also* FED. R. CIV. P. 6(d). Any responses to the objections shall be filed fourteen (14) days after the objections. Objections and responses are limited to eight (8) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights or the right to appellate review. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017); *United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006-08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025).

This Order and Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(A) & (B), Federal Rule of Civil Procedure 72(a) & (b) and District of Delaware Local Rule 72.1. Parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: November 19, 2026

UNITED STATES MAGISTRATE JUDGE